IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRENDA LEE CAMERON,            )
                               )
         Plaintiff,            )
                               )
     v.                        )      1:12CV1352
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of Social  )
Security,                      )
                               )
         Defendant.            )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on February 12, 2015, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 18.) In the Recommendation, the Magistrate Judge recommends that the Commissioner's decision finding no disability be affirmed, that Plaintiff's motion for judgment on the pleadings (Doc. 10) be denied, that Defendant's motion for judgment on the pleadings (Doc. 16) be granted, and that this action be dismissed with prejudice. The Recommendation was served on the parties to this action on February 12, 2015 (Doc. 19). Counsel for Plaintiff filed timely objections (Doc. 20) to the Recommendation and counsel for Defendant filed a response to Plaintiff's objections (Doc. 21).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation but will address two of Plaintiff's objections in further detail.

Plaintiff asserts two objections to the Magistrate Judge's Recommendation: (1) the Magistrate Judge erred in finding no conflict between the Dictionary of Occupational Titles (DOT) and the testimony of the vocational expert (VE) and (2) the Magistrate Judge erred in finding that the new evidence submitted by Plaintiff was not new and material. (Pl.'s Objections (Doc. 20).) This court will address both in turn.

With regard to the alleged conflict between (1) the Administrative Law Judge's (ALJ) finding that Plaintiff had the

residual functional capacity ("RFC") to perform light work with a sit-stand option and (2) the jobs the VE testified were available to Plaintiff, this court finds the ALJ's findings were supported by substantial evidence. Plaintiff does not disagree with the ALJ's RFC calculation or that Plaintiff needs a sit-stand limitation. Instead, Plaintiff contends that a Policy Interpretation Ruling issued by Defendant, SSR 00-4p, requires the ALJ to address the issue further than she did. (Pl.'s Objections (Doc. 20) at 2.)

The ALJ specifically acknowledged in her report that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles with the exception of her testimony regarding an opportunity to alternate sitting or standing." (Tr. at 42.) This indicates to this court that the ALJ saw a potential conflict as SSR 00-4p only applies when there is "apparent unresolved conflict."[1] See SSR 00-4p, Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert and Vocational

---

[1] The Magistrate Judge's Memorandum Opinion and Recommendation fully addresses the alternate issue of whether or not the DOT's silence on the sit/stand option is a conflict that triggers the ALJ's affirmative duty pursuant to SSR 00-4p. (See Recommendation (Doc. 18) at 17-19.) Therefore, this court will focus on the alternative issue also raised by Plaintiff namely that, if there indeed was a conflict, the ALJ did not fulfill the duty established by SSR 00-4p to resolve that conflict.

Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, 2000 WL 1898704, at *2 (Dec. 4, 2000) ("SSR 00-4p"). Thus, SSR 00-4p does not need to be addressed if there is no conflict, as SSR 00-4p provides:

> <u>Resolving Conflicts in Occupational Information</u>
>
> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. <u>At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.</u>

SSR 00-4p, 2000 WL 1898704, at *2 (emphasis added). Here, as required by SSR 00-4p, the ALJ specifically asked the VE to advise if she gave an opinion that conflicts with the DOT and explain the basis for such an opinion. (Tr. at 81.) The ALJ then asked the VE about the Plaintiff's past work. (<u>Id.</u>) The VE testified that Plaintiff's past work would fall under the DOT descriptions of accounts receivable clerk, accounting clerk, and supervisor accounting clerk. (<u>Id.</u>) Next, in her hypothetical to the VE, the ALJ included the sit-stand limitation and the VE testified that Plaintiff could do her past work with the sit-stand limitation. (<u>Id.</u> at 81-82.) In conclusion, the VE listed

other jobs she felt fit the RFC as stated in the hypothetical question including the sit-stand limitation. (Id. at 82.) "Ruling 00-4p acknowledges . . . that neither the Dictionary of Occupational Titles nor the vocational expert's testimony automatically trumps when there is a conflict; instead, the ALJ is obligated to resolve the conflict by deciding if the vocational expert's explanation for the conflict is reasonable." Fisher v. Barnhart, 181 F. App'x 359, 365 (4th Cir. 2006) (internal quotations omitted). Here, the ALJ's questions specifically addressed the issue and the VE's answers support the finding that Plaintiff could do the jobs listed by the VE even with a sit-stand limitation.

As described fully in the Magistrate Judge's Memorandum Opinion and Recommendation (Doc. 18), it not clear that the DOT descriptions conflict with Plaintiff's RFC at all, because the

DOT is silent on the sit-stand option.[2] To the extent the ALJ acknowledged a potential conflict by citing SSR 00-4p, through careful questioning of an expert witness, the ALJ resolved any potential conflict in satisfaction of her duty stemming from SSR 00-4p. The sequence of questions asked by the ALJ ensured that the VE knew all of the Plaintiff's relevant abilities and limitations, including the sit-stand limitation, when she responded to the questions regarding the Plaintiff's ability to do past work and other possible jobs. The VE's testimony indicated that any potential conflict would not preclude Plaintiff from resuming past work or working in another of the jobs identified by the VE. This court finds that the ALJ fully

---

[2] Another court in this district addressed the same issue in Green v. Colvin. There, the court found:

> [T]he DOT is silent as to the availability of a sit/stand option for . . . particular positions. As such, it was proper for the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions. The VE was qualified to determine which jobs an individual with Plaintiff's RFC could perform, and the ALJ properly relied on the VE's testimony to find Plaintiff could perform other work that existed in significant numbers in the national economy.

Green v. Colvin, No. 1:10CV561, 2013 WL 3206114, at *11 (M.D.N.C. June 24, 2013), report and recommendation adopted, No. 1:10-CV-561, 2013 WL 4811705 (M.D.N.C. Sept. 9, 2013).

developed the record on this issue and her decision on this point is supported by substantial evidence.[3]

Plaintiff's second objection to the Magistrate Judge's Recommendation is that the decision not to remand her case for reconsideration of her credibility with respect to her back pain based on new evidence was error. (Pl.'s Objections (Doc. 20) at 10.) Plaintiff asserts that new evidence in the form of an x-ray of her back from February 21, 2012, "shows a much worse condition than the [] imaging of March 26, 2008," and gives

---

[3] Plaintiff cites a case in the objections for the first time for the proposition that where the VE specified light jobs for Plaintiff but the ALJ limited Plaintiff to two hours standing and walking, there was a conflict under SSR 00-4p requiring explanation. See Roberts v. Colvin, No. 13-5256, 2014 WL 6891437 (W.D. Ark. Nov. 5, 2014). The present case differs from Roberts in several ways. In Roberts, the RFC did not include a sit-stand limitation at all, but the ALJ included such a limitation in the hypothetical to the VE. Id. at *3. In the present action, the ALJ included the sit-stand limitation in the RFC itself (Tr. at 38) and then included it in the hypothetical to the VE (Tr. at 82). Unlike Roberts, the present record indicates that both the ALJ and the VE included Plaintiff's sit-stand limitation in their questions and testimony throughout the entire hearing. In addition, the VE in Roberts testified that "her testimony was in accordance with the DOT." Roberts, 2014 WL 6891437, at *3. In the present action, the VE did not testify that her testimony was in accordance with the DOT. The VE testified as an expert in response to questions from the ALJ that incorporated Plaintiff's full RFC, including the sit-stand limitation. (Tr. at 38-39.) That testimony appears to this court to have been based both on the DOT and the VE's expertise. This court therefore agrees with the Magistrate Judge's analysis of this issue in the Recommendation.

weight to Plaintiff's pain allegations. (Id. at 11.) The Magistrate Judge addresses this issue fully. (See Recommendation (Doc. 18) at 8-16.)

Plaintiff asserts that "when . . . the Appeals Council admits newly submitted evidence to the record and considers it on request for reconsideration, it is because the Appeals Council has deemed the evidence to be 'new and material.'" (Pl.'s Objections (Doc. 20) at 10.) This is an inaccurate interpretation of the law. On August 31, 2012, the Appeals Council informed Plaintiff that "[w]e found no reason under our rules to review the [ALJ's] decision." (Tr. at 5.) In making their decision, the Appeals Council considered the additional evidence submitted by Plaintiff. (Id.) "The regulations . . . specifically permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council. In such cases, the Appeals Council first determines if the submission constitutes 'new and material' evidence." Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011). Nowhere in the regulations does it indicate that simply by accepting the new evidence, the Appeals Council has deemed it new or material. In the present action, Plaintiff is making assertions regarding the

Appeals Council and the new evidence that are not supported by the record.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 18) is **ADOPTED.  IT IS FURTHER ORDERED** that Plaintiff's motion for judgment on the pleadings (Doc. 10) is **DENIED,** that Defendant's motion for judgment on the pleadings (Doc. 16) is **GRANTED,** that the Commissioner's decision is **AFFIRMED,** and that this action be dismissed with prejudice.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 5th day of June, 2015.

_____
United States District Judge